## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-CV-02412

**NATHAN JOSEPH CHATIGNY,**

Plaintiff,

v.

**LA PLATA COUNTY SHERIFF'S DEPARTMENT, CAPTAIN EDWARD ABER, SERGEANT BRIENNE BLACKKETTER, DEPUTY TYLER HOYT, and SOUTHERN HEALTH PARTNERS.**

Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Nathan Joesph Chatigny, by and through his counsel, Meredith Quinlivan and Klaudia Beutler of McFarland Litigation Partners, LLC, complains against Defendants, as follows:

### <u>Introduction</u>

This action seeks money damages because of Defendants' participation in Plaintiff's wrongful deprivation of Plaintiff's civil rights. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States. Plaintiff also brings two state law claims pursuant to this Court's supplemental jurisdiction.

Plaintiff asserts negligence claims against Defendant Southern Health Partners for failure to render reasonable and necessary medical care, and acting below the reasonable standard of care.

## Parties

1.      Plaintiff, Nathan Joseph Chatigny, is a resident of Durango, Colorado and was at all relevant times a detainee or prisoner under the custody of the La Plata County Sheriff's Department.

2.      Defendant, La Plata County Sheriff's Department ("La Plata County"), is a governmental agency responsible for law enforcement and the operation of the county jail in La Plata County, Colorado.

3.      Individual defendants, Captain Aber, Sergeant Blackketter, Deputy Hoyt and unknown John Doe and Jane Doe La Plata County Sherriff's Department employees ("Sherriff(s)") were employed by La Plata County, State of Colorado.  At all times relevant hereto she/he acted in concert with the other Defendants and under color of state law.  She/he is sued both in her/his official and individual capacity.

4.      Defendant La Plata County is the local governmental unit for which individual Defendants worked at all times relevant hereto.

5.      Defendant Southern Health Partners ("SHP") is a Delaware Corporation registered as a foreign entity in Colorado, with its principal place

of business at 2030 Hamilton Place Blvd, Ste. 140, Chattanooga, Tennessee 37421.

## Jurisdiction

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, because Plaintiff's claims for violation of his procedural and substantive due process rights and deprivation of his liberty interests, under color of state law, statute, ordinance, regulation, custom or usage, present a federal question under 42 U.S.C. §1983.

7.    The matter in controversy exceeds the sum of $75,000.00, excluding interest and costs.

8.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) in that: (1) Plaintiff resides in this judicial district; (2) Defendant La Plata County resides in this judicial district; and (3) the events and omissions giving rise to this action occurred in this judicial district.

## Factual Allegations

9.    Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

10.   La Plata County operates the largest detention facility in Southwest Colorado.  The facility has 118 beds with the total capacity of the facility being 297. The La Plata County detention facility is operated by

certified and non-certified deputies, civilian support staff, medical staff, and kitchen staff.

11.    In 2016, La Plata County entered into an eighteen-month contract for medical staffing at the detention facility whereby SHP agreed to staff the detention facility with four registered nurses, one licensed practical nurse and a medical clerk.  The contract contained an extension provision and was in effect at the time of the alleged incidents in September 2022.

12.    On or about October 7, 2020, Plaintiff was involved in a work-related accident where he fell from scaffolding, causing a severe spinal cord injury, partial paralysis, nerve damage, Cauda equina syndrome, T1 burst fracture, injury to his T12-L2, and lumbar disc protrusion at his L4, L5-S1. Despite significant medical treatment which included multiple surgeries and stem cell replacement therapy, Plaintiff suffers ongoing bladder incontinence, bowel incontinence, pain, numbness, lack of sensation, burning and discomfort in his legs and feet.

13.    On or about February 16, 2021, an arrest warrant was issued for Plaintiff in La Plata County Case No. 2021CR61, on charges of Assault in the Second Degree, C.R.S. 18-3-203(1)(i), as amended a Class 4 Felony, and Domestic Violence, C.R.S. 18-6-800.3.  The arrest warrant was

accompanied by an Affidavit of Probable Cause for Arrest Warrant signed by Officer Brian Harrison, La Plata County Sherriff's Office.

14.    At the time the arrest warrant was issued, and at several times thereafter, Sgt. Blackketter was identified as a witness in the underlying criminal action and as a close friend of the alleged victim.

15.    Plaintiff plead guilty to Criminal Mischief (class 3 misdemeanor) and Verbal Harassment (class 3 misdemeanor) on September 24, 2021. Plaintiff was sentenced to probation, with a condition that he serve 30 days of jail as a condition of probation. Plaintiff had 5 days presentence confinement credit.

16.    Plaintiff attempted to report to the La Plata County detention facility multiple times and was turned away due to a clerical errors.

17.    On May 20, 2022, Plaintiff, through counsel, motioned the La Plata County District Court to convert his in-custody sentence to electric in-home monitoring citing significant concerns related to his medical conditions while in custody.  Plaintiff did not have control over his bowels and limited control over his urinary tract.  He has a medical device that can assist with his ability to predict and control urinary expulsion, but it does not assist in controlling bowel movements. Thus, Plaintiff is unable to predict or know when he needs to defecate and is not able to plan in advance to perform this

bodily function in a toilet. As of September 2022, Plaintiff continued to wear an adult diaper at all times, and frequently soiled himself. However, he also struggled with competing bouts of constipation and incontinence. The adult diaper was and is insufficient to contain his entire bowel movement at times, and he often needs to change clothes frequently. Despite this representation to the court, Plaintiff's motion for in-home detention was denied.

18.    On September 2, 2022, Plaintiff reported to the La Plata County detention facility. Upon booking, Plaintiff advised La Plata County deputies of his medical condition, including but not limited to his recent spinal surgery.

19.    On September 3, 2022, Plaintiff reported to the La Plata County deputies that he was experiencing diarrhea, and that he required frequent changes of clothes and access to a shower for personal hygiene. However, the shower in Plaintiff's pod was not functioning, nor was he provided gloves or other sanitary and personal hygiene supplies to clean himself. Once the communal shower was fixed, Plaintiff had to use the shower to clean himself after defecating himself, but again was not provided cleaning supplies, gloves or other hygienic supplies to clean himself or the communal shower.

20.    On or about September 7, 2022, after notifying the La Plata County deputies of his bowel incontinence and ongoing need to clean himself after defecating, he was threatened with solitary confinement and isolation.

He was further told that he would be forced to pay for clothing if he continued to involuntarily defecate on or in his clothing.

21.    On or about September 9, 2022, Plaintiff was permitted to shower.

22.    On September 9, 2022, Plaintiff's medications were delivered to the La Plata County detention facility by a friend.

23.    On or about September 12, 2022, Plaintiff sought the assistance of SHP nurses to address his need for sanitary and personal hygiene supplies necessary for cleaning himself and the communal shower but was dismissed.  He further sought the assistance of a La Plata County physician assigned to the detention facility, who would not or could not dispense Plaintiff medications delivered to the facility three days prior which would have alleviated his constipation, diarrhea, pain and discomfort.

24.    On or about September 12, 2022, Plaintiff notified La Plata County deputies at approximately 4:45AM of his need to clean up after an explosive and involuntary bowel movement.  He was told to sit in the fecal matter until the pod was opened.  Plaintiff was forced to sit in fecal matter for nearly two (2) hours and was denied access to sanitary supplies until approximately 7:45AM.

25.    On September 14, 2022, counsel for Plaintiff emailed Capt. Aber advising La Plata County that Sgt. Blackketter, who had been previously instructed to provide sanitary and personal hygiene supplies, was withholding supplies, including but not limited to gloves.  Counsel further notified Capt. Aber that Plaintiff had been forced to endure "prolonged exposure to urine/feces."

26.    On September 14, 2022, Capt. Aber sent a department wide email to all La Plata County deputies advising all that Plaintiff was to be provided "rubber gloves" upon request.

27.    Despite Capt. Aber's instructions, Plaintiff was repeatedly denied access to sanitary and personal hygiene supplies, and/or a shower.

28.    On September 17, 2022, Plaintiff submitted a request to SHP to address an open and infected sore on his buttock/anus, but was not seen or treated for more than nine (9) hours.

29.    Plaintiff's condition deteriorated when was again denied sanitary and personal hygiene supplies needed to clean himself properly.

30.    On September 18, 2022, Plaintiff informed SHP nurses that he was likely suffering from a urinary tract infection (UTI).  Following lab results that confirmed a positive bacterial infection, Plaintiff was denied timely

access to antibiotics, and forced to endure fever, body aches, chills and further infection until September 19, 2022.

31.     Plaintiff is highly allergic to fish, advising La Plata County that exposure to fish could induce anaphylactic shock.  Plaintiff's food allergy was ignored or dismissed repeatedly during his incarceration by La Plata County deputies, when he was served Caesar salad, and risked cross contamination.  Caesar dressing usually contains anchovies.

32.     During Plaintiff's detention, the conditions of confinement included isolation, negligent or willful disregard for food allergies, inadequate medical care, unsanitary conditions, threats and intimidation, and punitive or retaliatory treatment.

33.     Plaintiff was repeatedly denied necessary medical treatment for a serious health condition, was subjected to retaliation, or endured extreme and unnecessary physical or psychological abuse.

34.     Defendant La Plata County, through its policies, practices, and/or customs, permitted or failed to address these conditions and abuses, resulting in harm or suffering experienced by Plaintiff, physical injury, and ongoing psychological distress.

35.     Despite Plaintiff's attempts to seek relief or report the conditions to prison authorities or other officials, no adequate remedy was provided.

## FIRST CLAIM FOR RELIEF
### Civil Action for Deprivation of Rights (42 U.S. Code §1983) – All Defendants

36.    Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

37.    Defendants had a constitutional obligation to provide medical assistance, including but not limited to sanitary personal hygiene supplies for Plaintiff, as a detainee suffering from a serious medical condition.

38.    Defendants deprived Plaintiff his constitutional rights by failing to provide medical assistance under circumstances where Defendants knew or should have known medical assistance was needed.

39.    Defendants' failure to timely provide medical assistance to Plaintiff was the direct and proximate cause of Plaintiff's further injury, infection and deteriorating condition.

40.    La Plata County and SHP deprived Plaintiff of his constitutional rights because of their policies, customs, or practices, including:

a. A policy, custom, or practice of ignoring the medical needs of detainees, like Plaintiff, suffering serious medical conditions;

b. A policy, custom, or practice of treating persons suffering from serious medical conditions as incarcerated individuals that do not require medical care;

c.  A policy, custom, or practice of failing to train deputies, nurses, and/or medical staff to identify and respond to detainees, such as Plaintiff, who exhibit obvious signs of serious medical conditions;

d.  A policy, custom, or practice of retaliating against detainees suffering from serious medical conditions by threatening isolation or financial punishments for involuntarily defecating instead of providing them with reasonable medical care, sanitary or personal hygiene supplies;

e.  A policy, custom, or practice of failing to implement a policy to guide deputies, nurses, and/or other medical staff when they encounter detainees suffering from a serious medical condition, such as a spinal cord injury, bowel and bladder incontinence, and partial paralysis;

f.  A policy, custom, or practice of failing to supervise employees to ensure they properly identify detainees who need medical care, sanitary or personal hygiene supplies; and

g.  A policy, custom, or practice of putting the wants and conveniences of deputies, nurses, doctors, and/or medical staff ahead of the medical needs of detainees.

41.    La Plata County and SHP also failed to properly train their deputies, nurses, doctors, and/or medical staff (and supervising sheriffs) to recognize the needs of an individual suffering from a spinal cord injury that required basic sanitary supplies to address bladder and bowel incontinence, exposure to bacteria and basic human decency of not sitting in one's own feces for prolonged periods of time.

42.    Had La Plata County and SHP properly trained their deputies, nurses, doctors, and/or medical staff they would have recognized that Plaintiff needed medical attention, sanitary and personal hygiene supplies, and provided or otherwise obtained the same.

43.    Moreover, Capt. Aber sent a department wide email advising all La Plata County deputies that Plaintiff was to be given "rubber gloves" at the very least to clean himself.  Defendants repeatedly failed to provide or obtain medical attention, sanitary and personal hygiene supplies, or allow Plaintiff to shower following episodes of bladder and bowel incontinence.

44.    But for La Plata County and SHP's policies, customs, or practices, and/or its failure to properly train and supervise its deputies, nurses, doctors, and/or medical staff, common sense would dictate that at least one deputy would have sought medical attention for Plaintiff.

45.    La Plata County failed to properly supervise its deputies, as well. Capt. Aber and Sgt. Blackketter, the supervising officers, failed to provide or obtain medical assistance for Plaintiff despite the obvious need, likely in retaliation for Plaintiff's criminal acts against Sgt. Blackketter's friend, Hali Terrell.

46.    La Plata County's failure to train and/or supervise amounts to deliberate indifference to the rights of Plaintiff, and other detainees suffering from debilitating medical conditions, and exposing detainees in the shared pod to bacteria and fecal matter.  La Plata County disregarded the obvious consequences of failing to train deputies to identify medical needs and/or distinguish medical conditions associated with a spinal cord injury from intentional behavior disorders – e.g., bladder and bowel incontinence related to paralysis, and disregarded the obvious potential for constitutional law violations.

47.    La Plata County, Capt. Aber, Sgt. Blackketter, and Deputy Hoyt had actual or constructive notice that this failure to properly train and/or supervise La Plata County deputies caused those individuals to violate the constitutional rights of citizens, like Plaintiff, and disregarded the obvious potential for constitutional law violations.

48.    The conduct of La Plata County's sheriff's deputies was subject to review by La Plata County and Capt. Aber.  La Plata County and Capt. Aber implicitly or explicitly approved the unconstitutional conduct of the deputies involved here.  Upon information and belief, none of the deputies involved were disciplined in any way.

49.    Defendants at all times relevant to this action were acting under color of state law.

50.    Defendants unlawfully deprived Plaintiff of his civil rights without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

51.    Defendants unlawfully deprived Plaintiff of his federal constitutional right by subjecting him to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.

52.    Defendant La Plata County's policy or custom, and its failure to adopt clear policies and failure to properly train its deputies, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

## SECOND CLAIM FOR RELIEF
### Violation of the Americans with Disabilities Act – La Plata County

53.    Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

54.    Defendant La Plata County is a public entity subject to the ADA.

55.     Plaintiff's spinal cord injury, and associated medical conditions, place him in a class of individuals meant to be protected by the ADA.

56.     Defendant La Plata County's failure to provide reasonable accommodations for Plaintiff's disability constitutes discrimination under the ADA.

57.     As a result of Defendant La Plata County's actions, Plaintiff has suffered physical harm and ongoing emotional distress.

### THIRD CLAIM FOR RELIEF
**Cruel and Unusual Punishment – La Plata County and Sheriff(s)**

58.     Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

59.     The Eighth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits cruel and unusual punishment.

60.     As set forth above, Defendant La Plata County's actions and omissions, including the extreme and harmful conditions of confinement or treatment, constitute cruel and unusual punishment under the Eighth Amendment.

61.     As a result of Defendant La Plata County's actions, Plaintiff has suffered physical harm and ongoing emotional distress.

## FOURTH CLAIM FOR RELEIF
### Respondeat Superior and Negligence – SHP

62.    Plaintiff incorporates the preceding paragraphs by reference as
if fully rewritten herein.

63.    Upon information and belief, and at all times relevant, Defendant
SHP employed various nurses, medical staff, physician assistants and other
employees who conducted examinations and who evaluated Plaintiff's
medical condition and were responsible for coordinating and facilitating the
assessment, diagnosis and treatment of his medical condition.

64.    Defendant SHP is responsible for the negligence of their
employees under the doctrine of respondeat superior.

65.    Defendant SHP owed Plaintiff a duty to provide care, make
referrals and go up the chain of command as appropriate to ensure that he
received timely and appropriate care, treatment, diagnosis's, medication,
and referrals.

66.    Defendant SHP is responsible for the negligent acts and
omissions of its employees, who failed to ensure that Plaintiff was timely and
appropriately evaluated, followed, diagnosed and referred for treatment and
care of his medical condition.

67.    Defendant SHP, acting through its agents and employees, who
were acting within the course and scope of their employment or within their

authority as agents, was negligent in its care, diagnosis and treatment of Plaintiff, resulting in his death.

68.    Defendant SHP failed to ensure that its employees, affiliated nurses, and other health care providers conformed with the above, thus providing negligent care to Plaintiff.

69.    As a direct and proximate result of Defendant SHP's negligence, Plaintiff suffered injuries, damages and losses, including but not limited to significant permanent injury and dysfunction, permanent physical impairment, emotional distress, mental anguish, physical suffering and impairment of quality of life.  His injuries have been and will continue to be disabling, incapacitating and humiliating.  The injuries he has suffered are permanent.  Plaintiff has been forced to spend monies, and will spend monies in the future, for medicine, doctor's fees, prescriptions, hospital care, and rehabilitation.  Plaintiff suffered loss of ability to enjoy a full, useful and normal life.

## FIFTH CLAIM FOR RELIEF
### Negligence – SHP Nurses and other Medical Staff

70.    Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

71.    Plaintiff was under the care and treatment of Defendant SHP nurses and medical staff, from September 2, 2022 to September 22, 2022, while at La Plata County detention facility.

72.    With respect to their care and treatment of Plaintiff, Defendant SHP nurses and medical staff owed Plaintiff a duty to exercise that degree of care, skill, caution, diligence, and foresight exercised and expected of a reasonably careful and prudent nurse and/or specialist under the same or similar circumstances.

73.    Defendant SHP deviated from the standard of care required, and were negligent in their care and treatment of Plaintiff including, but not limited to, the following:

    a.  Failing to properly treat, evaluate, diagnose, monitor, and follow the care and treatment of Plaintiff;

    b.  Failing to properly, timely and adequately diagnose and treat Plaintiff's medical condition;

    c.  Failing to timely and properly refer Plaintiff to appropriate medical providers so they could timely, adequately, and properly diagnose Plaintiff' medical condition;

    d.  Failing to consult with appropriate medical providers concerning Plaintiff' condition;

e. Failing to timely and appropriately review Plaintiff's laboratory studies in order to timely diagnose and treat Plaintiff's medical condition;

f. Failing to timely and appropriately administer antibiotic medication;

g. Failing to timely and appropriately evaluate Plaintiff's medical condition and complaints;

h. Failing to timely and appropriately obtain and evaluate Plaintiff's medical history, laboratory studies, and risk factors for UTI and/or bacterial infections;

i. Failing to recognize Plaintiff's signs and symptoms consistent with a UTI and/or bacterial infection;

j. Failing to timely and appropriately diagnose and treat Plaintiff's signs and symptoms of a UTI and/or bacterial infection, and related medical complications.

74.    As a direct and proximate result of Defendant SHP's negligence, Plaintiff suffered injuries, damages and losses, including but not limited to significant permanent injury and dysfunction, permanent physical impairment, emotional distress, mental anguish, physical suffering and impairment of quality of life.  His injuries have been and will continue to be

disabling, incapacitating and humiliating. The injuries he has suffered are permanent. Plaintiff has been forced to spend monies, and will spend monies in the future, for medicine, doctor's fees, prescriptions, hospital care, and rehabilitation. Plaintiff suffered loss of ability to enjoy a full, useful and normal life.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

A.    On his first claim, a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants;

B.    An award compensatory damages to Plaintiff for physical injury, emotional distress, and any other harm suffered as a result of Defendants' actions;

C.    An award punitive damages to Plaintiff to deter future misconduct by Defendants;

D.    A jury trial on all appropriate issues;

E.    An award of costs and expenses against the Defendants;

F.    Any and all other relief this Court may deem appropriate.

Dated:  August 30, 2024

**MCFARLAND LITIGATION PARTNERS, LLC**

By:  */s/ Meredith A. Quinlivan*
     Meredith A. Quinlivan, No. 38016
     Klaudia Beutler, No. 57895
     910 13th Street, Suite 200
     Golden, Colorado 80401
     Phone Number: (303) 279-8300
     E-mail:  meredith@mcfarland.law

     ATTORNEYS FOR PLAINTIFF