IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02412-RMR-NRN

NATHAN JOSEPH CHATIGNY,

    **Plaintiff,**

v.

LA PLATA COUNTY SHERIFF'S DEPARTMENT, CAPTAIN EDWARD ABER, SERGEANT BRIENNE BLACKKETTER, DEPUTY TYLER HOYT, and SOUTHERN HEALTH PARTNERS.

    **Defendants.**

---

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 67]**

---

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and D.C.COLO.LCivR 72.1(c)(2), Plaintiff Nathan Joseph Chatigny respectfully submits this Objection to the Report and Recommendation entered by United States Magistrate Judge N. Reid Neureiter on July 23, 2025 (ECF No. 67), recommending that Defendants' Motion to Dismiss (ECF No. 48) be granted. For the reasons stated below, the Report should not be followed, and this case should not be dismissed.[1]

## I.    INTRODUCTION

The Magistrate Judge erred in finding that Plaintiff failed to plausibly allege a constitutional violation under the Eighth and Fourteenth Amendments. Contrary to the Recommendation, Plaintiff's Amended Complaint (ECF No. 42) contains specific, well-pleaded factual allegations demonstrating that Defendants acted with deliberate indifference to Plaintiff's

---

[1] Undersigned counsel conferred with counsel for Defendants regarding Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. Counsel for Defendants does not oppose the Objection.

serious medical needs and subjected him to unconstitutional conditions of confinement.

The Recommendation overlooks the severity and frequency of Plaintiff's allegations and improperly resolves factual disputes in favor of Defendants at the pleading stage. Dismissal is premature and contrary to established standards under *Twombly*, *Iqbal*, and Tenth Circuit precedent.

## II.   STANDARD OF REVIEW

The filing of timely objections to a magistrate judge's report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667 (1980); This Court reviews de novo any part of a magistrate judge's recommended disposition to which a proper and timely objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Under the Federal Rules of Civil Procedure, where, as here, Plaintiff objects to Magistrate Judge Neureiter's Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that: [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.

2

The court must review a recommendation on a motion to dismiss de novo, "accepting all well pleaded allegations of the complaint as true and considering them in the light most favorable to the nonmoving party." *Johnson v. Smith*, 104 F.4th 153, 167 (10th Cir. 2024) (internal quotation marks omitted).

Plaintiff's objections below constitute more than mere disagreement. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. Plaintiff seeks to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Thomas v. Arn*, 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*. at 147 (footnote omitted).

### III.  SPECIFIC OBJECTIONS

**1. The Recommendation Erroneously Concludes that Plaintiff Did Not Suffer an Objectively Serious Deprivation**

The Report and Recommendation erroneously concluded that Plaintiff's allegations fail to meet the "objectively serious" prong of a deliberate indifference claim under the Eighth Amendment. The findings disregard both the facts as alleged and controlling precedent in the Tenth Circuit and the District of Colorado.

3

### A. The Objective Prong Does Not Require Total Denial of All Means of Sanitation or Medical Care

The Recommendation minimizes the conditions Plaintiff endured—being forced to sit in his own feces for at least two hours, repeatedly denied hygiene supplies, and suffering infections and open sores due to inadequate medical care. These allegations meet the objective prong of deliberate indifference under *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and Tenth Circuit precedent such as *DeSpain v. Uphoff*, 264 F.3d 965 (10th Cir. 2001). A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. See *Helling v. McKinney* 509 U.S. 25, 125 L. Ed. 2d 22, 113 S. Ct. 2475 (1993); *Wilson v. Seiter*, 501 U.S. 294, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991); *Estelle v. Gamble*, 429 U.S. 97, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976).

The Magistrate Judge incorrectly applied the standard by suggesting that Plaintiff's limited access to some hygiene items—such as a sink, disinfectant, or towels—negates any claim under the Eighth Amendment. However, the Tenth Circuit has long held that conditions of confinement need not rise to absolute denial to be unconstitutional; it is sufficient if the inmate is denied the minimal civilized measure of life's necessities. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff, who suffers from bowel and bladder incontinence due to a spinal injury, alleges that:

- He was denied gloves, rags, and disinfectant after soiling himself;
- He was forced to sit in feces for at least two hours (Am. Compl. ¶ 28);
- His request for medical attention was delayed over nine hours (id. ¶ 32);

4

- He suffered a confirmed urinary tract infection (id. ¶ 34); and
- Deputies responded with threats of solitary confinement rather than care (id. ¶ 22).

These allegations, taken as true at the motion to dismiss stage, describe more than discomfort—they reflect prolonged and repeated exposure to unsanitary and humiliating conditions, creating a substantial risk of serious harm.

### B. District of Colorado and Tenth Circuit Precedent Supports Plaintiff's Position

The District of Colorado has found similar circumstances to constitute objectively serious deprivations. In *Havens v. Clements*, No. 13-cv-00452-MSK-MEH, 2014 WL 1213804, at *7 (D. Colo. Mar. 24, 2014), the court denied a motion to dismiss where a quadriplegic plaintiff was left in his feces for five hours. The court emphasized the plaintiff's inability to avoid the condition without assistance.

The Eighth Amendment's prohibition against cruel and unusual punishment is violated when prison officials "act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). Such a claim has both an objective and a subjective component.

1. To satisfy the objective component, a prisoner's medical need must be sufficiently serious, a standard that can be met when either a doctor has diagnosed the need as requiring treatment or the need is so obvious that even a lay person would recognize the need for a doctor's attention. *Id*.

2. To satisfy the subjective component — that is, to show the requisite deliberate indifference — a prisoner must establish that the defendant "knew [the prisoner]

5

faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Id*.

As the court in *Havens v. Clements* properly notes, although an Eighth Amendment claim regarding medical treatment generally concerns a medical professional's deliberate indifference in failing to treat a prisoner's serious medical need properly, it may also arise when a prison official acts with deliberate indifference in preventing a prisoner from receiving treatment or denying him access to medical personnel capable of evaluating the need for treatment. See *Havens v. Clements*, No. 13-cv-00452-MSK-MEH, 2014 WL 1213804, at *8 (D. Colo. Mar. 24, 2014), citing to *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000).

Here, not only was Plaintiff denied or delayed access to sanitation necessary for addressing his bowel and bladder incontinence, he was denied satisfactory living conditions. The "circumstances, nature, and duration" of the challenged conditions must be considered, with no single factor controlling the outcome. *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). Generally, the severity and duration of deprivations are inversely proportional, such that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations of shelter, food, drinking water, and <u>sanitation</u> may meet the standard despite a shorter duration. *Id*. (emphasis added).

In *DeSpain*, the Tenth Circuit acknowledged that "exposure to human waste carries particular weight in the conditions calculus." This is so because exposure to humane waste, like few other conditions of confinement, evokes both health concerns and the more generalized standards of dignity embodied in the Eighth Amendment. *Id*.; see also *McBride v. Deer*, 240 13

6

F.3d 1287, 1292 (10th Cir. 2001) (conditions of confinement sufficiently serious where inmate held in a feces-covered cell for three days). With these principles in mind, the Court should find that Plaintiff's allegations are sufficient to meet the objective prong of the Eighth Amendment analysis.

Like Mr. Havens, here Plaintiff alleges that he was exposed to the unsanitary condition for hours, as opposed to days, and yet the Court found that the seriousness of the alleged deprivation could meet the Eighth Amendment standard despite the short duration. Plaintiff was not only exposed to human waste, but alleges that he had to sit or lay in it for several hours until the pod was opened. Whereas Mr. Havens was completely dependent on others to move him to and from the toilet, and it was found that it is reasonable to infer that Mr. Havens was unable to avoid lying in own feces until someone else helped him; here Plaintiff was denied assistance and told he had to clean himself as well as the cell. In *Havens,* the Court found that the complaint sufficiently alleged deliberate indifference. *Id*.

C. **The Recommendation Improperly Dismisses the Subjective Prong Despite Specific Allegations of Knowledge and Disregard**

As to the subjective prong, it must be inferred that, due to Plaintiff's condition, the Defendants were aware that without assistance in toileting he would likely soil himself and would be unable to remedy the problem. The Defendants acknowledged Plaintiff's requests for sanitary items and cleaning supplies, but despite these requests, Defendants refused to assist him. Accordingly, the Court should find that the Complaint states a § 1983 claim for violations of the Eighth Amendment against Defendants.

Here, Plaintiff required accommodations to manage his condition. His allegations show that jail officials failed to provide a reasonable sanitation plan—despite knowing his medical needs. Unlike *Thompson v. Lengerich*, 2023 WL 2028961, at *4 (10th Cir. Feb. 16, 2023), where the Tenth Circuit found no Eighth Amendment violation because the inmate was denied only a specific method of cleaning (private showers), here Plaintiff was essentially denied all means of cleanliness for hours or days at a time.

Moreover, in *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001), the Tenth Circuit held that a 36-hour exposure to contaminated water and human waste was sufficiently serious, noting that "a filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." That reasoning applies here: Plaintiff alleges repeated episodes over 18 days, not a brief, isolated incident. At the Rule 12(b)(6) stage, the court must assume Plaintiff's factual allegations are true and draw all reasonable inferences in his favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). The Magistrate Judge improperly discounted allegations as "conclusory" that were plainly specific, time-stamped, and supported by Plaintiff's contemporaneous requests to jail staff.

For example, on September 8, 2022, Plaintiff requested gloves and cleaning supplies after a known incident of incontinence, and was summarily dismissed by Deputy Hoyt. Consequently, Captain Aber's September 14, 2022, directive instructing deputies to provide gloves supports Plaintiff's assertion that they had previously been denied. At minimum, these facts create a plausible inference that Plaintiff endured objectively serious harm due to the jail's failure to reasonably accommodate his condition.

8

The Report and Recommendation relies on *Thompson v. Lengerich*, 2023 WL 2028961 (10th Cir. 2023); however, unlike *Thompson v. Lengerich,* Plaintiff was not simply denied a preferred cleaning method—he was left without basic supplies while suffering from a disabling condition and was retaliated against for requesting them.

The Recommendation overlooks specific allegations showing Defendants were aware of Plaintiff's incontinence and medical condition, and that Defendants Blackketter and Hoyt were directly informed of the deprivation of hygiene supplies and medical care. ECF No. 42 ¶¶ 21–31. The repeated requests cited in the Amended Complaint show Defendants' deliberate disregard—not mere negligence.

### D. The Recommendation Erroneously Discounts Plaintiff's Allegations of Retaliation

The Magistrate improperly disregards allegations that Plaintiff was threatened with solitary confinement for asserting basic medical and sanitary needs. While Plaintiff did not label the claim as "retaliation," the factual basis is present and should be construed liberally in Plaintiff's favor. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although the Magistrate Judge finds that the complaint states a constitutional violation by Defendants, the Defendants assert that they are entitled to qualified immunity. In order to overcome the defense of qualified immunity, the right alleged to have been violated must have been clearly established in the law at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232-35 (2009). For a constitutional right to be clearly established, its contours must be "sufficiently clear that a reasonable official would understand 14 that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). A plaintiff demonstrates that a constitutional right is clearly established by referring to cases from the Supreme Court, the Tenth Circuit, or the

weight of authority from other circuits. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). While a plaintiff is not required to cite a case with "identical facts" to demonstrate a clearly established right, *Kapinski v. City of Albuquerque*, 964 F.3d 900, 910 (10th Cir. 2020), clearly established law must place the constitutional issue "beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

The Courts have historically found that the right to be free from cruel and unusual punishment includes exposure to human feces and that this has been clearly established before and at the time of the alleged violation by Defendants. The Tenth Circuit in *DeSpain v. Uphoff*, 264 F.3d 965, 974-75 (10th Cir. 2001), acknowledged the severity of exposing an inmate to human waste. Although *DeSpain* does not specifically involve a situation where the defendant refused to provide sanitation and cleaning supplies to a disabled individual to avoid him sitting or lying in his own human waste for hours, the opinion informs officials that the Tenth Circuit and other courts have recognized that intentional exposure to human waste can state an Eighth Amendment conditions of confinement claim. Accordingly, at this state of the proceeding, the Defendants should not be entitled to qualified immunity.

### IV. CONCLUSION

The Magistrate Judge's Recommendation misapplies the legal standards for Rule 12(b)(6) dismissal and qualified immunity. Plaintiff has pleaded plausible claims for deliberate indifference and unconstitutional conditions of confinement sufficient to overcome a motion to dismiss and proceed to discovery.

Plaintiff respectfully requests that the Court REJECT the Report and Recommendation (ECF No. 67) and DENY the Motion to Dismiss (ECF No. 48).

In the alternative, Plaintiff seeks the opportunity to cure the pleading deficiencies identified here, within 21 days by filing the appropriate motion seeking leave to amend and tendering a proposed amended pleading.

Respectfully submitted this 6th day of August 2025.

**GOODSPEED MERRILL**

By: */s/ Meredith A. Quinlivan*
Meredith A. Quinlivan, Esq.
Brian E. Parker, Esq.
9605 S. Kingston Ct., Suite 200
Englewood, CO 80112
Telephone: (720) 473-7644
Email: mquinlivan@goodspeedmerrill.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2025, I electronically filed the foregoing **PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 67]** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher G. Seldin, Esq.
David James Goldfarb, Esq.
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
chris.seldin@bhgrlaw.com
djg@bhgrlaw.com
*Attorneys for La Plata County Sheriff's Department, Brienne Blackketter, and Tyler Hoyt*

By: */s/ Meredith A. Quinlivan*

11