IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 24-cv-02412-RMR-NRN

NATHAN JOSEPH CHATINGY,

    Plaintiff,

v.

LA PLATA COUNTY SHERIFF'S DEPARTMENT,
SERGEANT BRIENNE BLACKKETTER, and
DEPUTY TYLER HOYT,

    Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION [ECF No. 67]**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge N. Reid Neureiter entered on July 23, 2025, ECF No. 67. Magistrate Judge Neureiter recommends that Defendants' Motion to Dismiss, ECF No. 48, be granted.

Plaintiff alleges that during his short time as an inmate in the La Plata County Detention Facility ("LPCDF") from September 2, 2022, to September 22, 2022, Defendants Blackketter, Hoyt, and La Plata County Sheriff's Department were deliberately indifferent to his serious medical needs and subjected him to unconstitutional

conditions of confinement in violation of the Eighth and Fourteenth Amendments. *See* ECF No. 42 ¶¶ 42-72. Plaintiff suffered a spinal injury in October 2020 and, as a result, suffers from bladder and bowel incontinence. *Id.* ¶ 12. Plaintiff alleges that during his time at LPCDF, he was denied sanitary and personal hygiene supplies needed to clean himself properly. *Id.* ¶ 33. The parties do not object to the factual or procedural background outlined in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth therein and only restates them here to the extent they help the reader understand the issues at hand.

Plaintiff timely filed an Objection to the Recommendation. ECF 69. Defendants filed their response. ECF No. 72. This Court has reviewed and considered the Recommendation, the Objection, the Response, and the record relied upon by Magistrate Judge Neureiter. For the reasons stated below, the Court **OVERRULES** the Objection filed by Plaintiff; **ACCEPTS and ADOPTS** the Recommendation; **GRANTS** the Motion to Dismiss; and **DISMISSES** Plaintiff's claims without prejudice.

## I.  LEGAL STANDARD

This Court is required to make a de novo determination of the magistrate judge's recommendation to which a specific objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of

the magistrate judge's disposition that has been properly objected to."). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## II.     ANALYSIS

### A.     Conditions of Confinement

Plaintiff's primary objection is to Magistrate Judge Neureiter's finding that "the Amended Complaint's allegations regarding Plaintiff's conditions of confinement do not satisfy the objective element for a claim challenging the conditions of his confinement." ECF No. 67 at 11. The Court finds, and the parties do not contest, that Magistrate Judge Neureiter applied the correct legal standard. An inmate asserting a deliberately indifferent Eighth Amendment claim "must demonstrate: (1) that the harm was 'sufficiently serious under an objective standard; and (2) that the prison officials had 'subjective knowledge of the risk of harm' but did nothing to prevent such harm." ECF No. 67 at 8 (citing *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008)). A condition-of-confinement is sufficiently serious if it "deprive[s] an inmate of the minimal civilized measure of life's necessities or subject[s] an inmate to a substantial risk of serious harm." *Thompson v. Lengerich*, No. 22-1128, 2023 WL 2028961, at *3 (10th Cir. Feb. 16, 2023) (internal quotation and citation omitted).

Plaintiff argues that his allegations are sufficient to meet the objective prong analysis because he alleges he was "denied the minimal civilized measure of life's

3

necessities" when: he was denied gloves, rags, and disinfectant after soiling himself; he was forced to sit in feces for at least two hours; his request for medical attention was delayed over nine hours for a sore on his buttock; he suffered a confirmed urinary tract infection; and the deputies responded with threats of solitary confinement rather than care. ECF No 69 at 4-5. The Tenth Circuit has recognized that "[a]n inquiry into conditions of confinement necessarily relies on the particular facts of each situation." *Havens v. Clements*, No. 13-CV-00452-MSK-MEH, 2014 WL 1213804, at *6 (D. Colo. Mar. 24, 2014). When it comes to conditions of confinement cases, the Tenth Circuit has held that "the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while "substantial deprivations of shelter, food, drinking water, and sanitation" may meet the standard despite a shorter duration. *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). Plaintiff argues that the facts he has alleged "reflect prolonged and repeated exposure to unsanitary and humiliating conditions, creating a substantial risk of serious harm." ECF No. 69 at 5.

For support, Plaintiff relies on *Havens*, 2014 WL 1213804, at *1 and *DeSpain*, 264 F.3d at 973, but ignores the other two in-Circuit cases relied on by Magistrate Judge Neureiter: *Van Name v. Bigelow*, No. 2:09-cv-630 CW, 2011 WL 4829408, at *1 (D. Utah Oct. 11, 2011) and *Smith v. Bd. of Cnty. Comm'rs of Cnty. of Lyon*, 216 F. Supp. 2d 1209, 1223 (D. Kan. 2002). In *DeSpain*, a flood was caused by the inmates plugging their toilets. 264 F.3d at 972. The toilets were turned off, so the inmates urinated and defecated in the standing water, exposing inmates to other inmates' urine and feces. *Id.* at 974. The ordeal

4

lasted for thirty-six hours. *Id.* The Tenth Circuit held that the conditions in *DeSpain* met the objective element of a conditions of confinement claim. *Id.* at 975. In *McBride v. Deer,* the Tenth Circuit held that three-day exposure to a cell covered in other inmates' feces without cleaning supplies was also sufficiently serious under the objective element. 240 F.3d 1287, 1291 (10th Cir. 2001). However, the Tenth Circuit acknowledged that if the inmate had been provided cleaning supplies, dismissal of his claim would have been affirmed. *Id.* Magistrate Judge Neureiter makes the distinction between being exposed to other inmates' human waste versus the inmate being exposed to their own waste. ECF No. 67 at 8. Here, Plaintiff was exposed to his own waste, and it appears he was provided with some cleaning supplies, such as bags to put his soiled clothes in and some disinfectant. ECF No. 42 ¶ 23.

In *Havens*, the Honorable Marcia Kreiger refused to dismiss an inmate's Eighth Amendment conditions of confinement claim because the plaintiff, a "incomplete quadriplegic" completely dependent on others to move him to and from the toilet, was made to lie in his own waste for hours. 2014 WL 1213804, at *2, *7. Here, Plaintiff alleges he was made to sit in his own waste for two hours until he was provided "sanitary supplies" to clean up after himself. ECF No. 42 ¶ 28. Unlike the inmate in *Havens*, the Plaintiff here admits that he is capable of cleaning himself up after an accident. *Id.* ¶ 23. He does not specify whether he lacked access to a change of clothes or a new adult diaper in this circumstance. He does not allege that he was immobile.

The Court agrees with Magistrate Judge Neureiter and the district court judge in *Van Name*, "intentionally exposing inmates to human waste can, under some

circumstances, constitute cruel and unusual punishment"; "[h]owever, the circumstances presented here are much different from other cases where courts have found exposure to human waste sufficiently serious to invoke constitutional protections." 2011 WL 4829408, at *5. The Court finds that the facts in this case are more aligned with the facts in *Van Name*, where an inmate's medical condition caused him to defecate in his pants, and he was exposed to his own human waste for no longer than forty-five minutes. *Id.* at *6. The Court also finds that the facts in this case are more aligned with the facts in *Smith*, where the district court held that an incontinent inmate failed to "show sufficient evidence that defendants' delays on four or five occasions in providing clean clothing or bedding to plaintiff were so grave as to support an Eighth Amendment claim." 216 F. Supp. 2d at 1223. (citing *Miller v. Michigan Dept. of Corrections Health Care Providers,* 986 F.Supp. 1078 (W.D. Mich. 1997) (finding no Eighth Amendment violation where prisoner suffered the indignity and discomfort of wearing urine and/or feces-soiled clothing for several hours at a time on each of three successive days)). Plaintiff does not attempt to distinguish his circumstances from those in these cases. Thus, the Court agrees with Magistrate Judge Neureiter "that the Amended Complaint's allegations regarding Plaintiff's conditions of confinement do not satisfy the objective element for a claim challenging the conditions of his confinement." ECF No. 67 at 11.

Next, Plaintiff argues that the "Recommendation improperly dismisses the subjective prong despite specific allegations of knowledge and disregard." ECF No. 69 at 7. However, as Magistrate Judge Neureiter correctly states, "[b]ecause the Amended Complaint does not adequately plead the objective element of an Eighth Amendment

6

claim with respect to either conditions of confinement or deliberate indifference to serious medical needs, the Court need not address whether the subjective element has been met." ECF No. 67 at 13 (citing *Bowman v. Sawyer*, No. 19-CV-1411-WJM-KMT, 2020 WL 6390992, at *8 (D. Colo. Nov. 2, 2020)). Thus, Plaintiff's objection is overruled, and the Court adopts this portion of the Recommendation.

### B.   Lack of a Retaliation Claim

Finally, Plaintiff argues the "Recommendation erroneously discounts plaintiff's allegations of retaliation." ECF No. 69 at 9. There is no retaliation claim in the Amended Complaint. ECF No. 42. Plaintiff argues, "[w]hile [h]e did not label the claim as 'retaliation,' the factual basis is present and should be construed liberally in Plaintiff's favor." *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). *Hall* stands for the proposition that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." 935 F.2d at 1110. Plaintiff is not appearing pro se. He was represented by counsel when he filed his initial complaint, and he was represented by counsel when he filed his Amended Complaint. Magistrate Judge Neureiter acknowledged that Plaintiff alleged "he was threatened with solitary confinement and isolation and told he would need to pay for more clothing if he continued to defecate on his clothing." ECF No. 67 at 3 (quotation omitted). However, the Court will not construe a legal claim where there was not one alleged by a plaintiff who is represented by counsel.

### C. Dismissal Without Prejudice

The Recommendation does not specify whether Plaintiff's claims should be dismissed with or without prejudice. Plaintiff asserts his claims against Defendants Blackketter and Hoyt in their individual and official capacities. ECF No. 42 ¶ 3. Magistrate Judge Neureiter recommends that Defendants Blackketter and Hoyt are entitled to qualified immunity. ECF No. 67 at 14. The Court agrees. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the defense, "the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Surat v. Klamser*, 52 F.4th 1261, 1270–71 (10th Cir. 2022) (quotation marks omitted). Courts may address the prongs in any order, *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010), and a failure "to establish either prong of the two-pronged qualified-immunity standard" means "the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134–35 (10th Cir. 2016) (citations omitted).

As described above, Plaintiff failed to plead a constitutional violation against either Defendant Blackketter or Defendant Hoyt. That failure entitles these defendants to qualified immunity. *Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018) ("[I]f the plaintiff failed to state a claim under Rule 12(b)(6), the government would also be entitled to qualified immunity."). However, at the Fed. R. Civ. P. 12(b)(6) dismissal stage, the Court

cannot say with certainty that it would be futile to allow Plaintiff an opportunity to amend his complaint to clarify and specify conditions regarding the exposure to human waste he was subjected to during his confinement. *See Bainum v. Sedgwick Cnty. Commissioners*, 27 F. App'x 965, 970 (10th Cir. 2001).

"The defense of qualified immunity is available only in suits against officials sued in their personal capacities, not in suits against officials sued in their official capacities." *Cox v. Glanz*, 800 F.3d 1231, 1240 n.1 (10th Cir. 2015) (quotation and alteration omitted). An official capacity suit "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Municipalities are liable under § 1983 only when the constitutional violation is caused by the municipality's policies or customs. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff did not object to Magistrate Judge Nereiter's finding that Plaintiff failed to allege facts supporting municipal liability. *See* ECF No. 67 at 17. The Court therefore adopts this portion of the Recommendation and dismisses Plaintiff's claims against Defendants Blackketter and Hoyt in their official capacities and the La Plata County Sheriff's Department. The dismissal is without prejudice, however, as the Court cannot determine with certainty at this time that amendment would be futile. *See Hoffman v. Schaetzle*, No. 19-CV-3223-WJM-KMT, 2021 WL 1100405, at *4 (D. Colo. Mar. 23, 2021). If Plaintiff chooses to file a motion to amend for those claims dismissed without prejudice, he must do so within twenty-one (21) days of the entry of this order.

## I.　CONCLUSION

Accordingly, having considered the applicable case law, the parties' arguments, and the Recommendation, the Court agrees with Magistrate Judge Neureiter's determination that Plaintiff's claims should be dismissed for failure to state a claim. Accordingly, for these reasons, and the reasons outlined in the Recommendation, it is **ORDERED** as follows:

1) Plaintiff's Objection to Magistrate Judge's Report and Recommendation [ECF No. 67], ECF No. 69, is **OVERRULED**;

2) The Recommendation of United States Magistrate Judge Neureiter, ECF No. 67, is **ADOPTED** and **ACCEPTED**;

3) The Motion to Dismiss of Defendants Brienne Blackketter, Tyler Hoyt, and La Plata County Sheriff's Department, ECF No. 48, is **GRANTED**; and

4) Plaintiff's claims are **DISMISSED without PREJUDICE**. If Plaintiff chooses to file a motion to amend for those claims dismissed without prejudice, he must do so within twenty-one (21) days of the entry of this order.

DATED:  September 24, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge